9018

WICHMAN v. ATLANTIC COAST LINE R. CO.

(84 S. E. 420.)

CARRIERS. FREIGHT OVERCHARGE. APPEAL AND ERROR. CLAIMS. PENALTIES.

1. CARRIERS—FREIGHT OVERCHARGE—LIABILITY.—Where the plaintiff directed goods to be shipped to him at C., and the shipper consigned them there, and defendant's connecting carrier turned them over to defendant, to be carried to W., without authority or direction thereto, defendant's possession was tortious, and plaintiff was not required to pay the freight charges beyond C.

2. APPEAL AND ERROR—LEGAL ACTIONS—FINDINGS OF FACT.—Where there is any testimony to sustain them, findings of fact in law cases will not be reviewed by the Supreme Court.

3. CARRIERS — FREIGHT OVERCHARGE — PAYMENT — WAIVER. — Plaintiff's acceptance of the goods at W. and his payment of freight thereon was not a ratification of defendant's act in carrying them beyond C. to W., since he paid, under protest, to get possession of his goods, which defendant wrongfully possessed and withheld from him.

4. CARRIERS—"OVERCHARGE ON FREIGHT"—RECOVERY.—Civil Code 1912, Section 2573, requiring every claim for freight overcharge to be adjusted and those on shipments from without the State to be paid within 40 days after filing of such claim with a penalty of $50 for each failure to be recovered by the consignee, applied to consignee's claim for a payment of freight on goods taken beyond the point to which they were consigned, since it was an "overcharge on freight."

5. APPEAL AND ERROR—REVIEW—OBJECTIONS NOT MADE BELOW.—A contention not made in the Court below will not be considered on appeal.

Before MEMMINGER, J., Walterboro, July, 1914.  Modified.

Action by R. H. Wichman, doing business under the trade-name of A. Wichman & Son, against the Atlantic Coast Line Railroad Company.  Judgment for defendant, and both parties appeal.

The facts are stated in the opinion.

*Messrs. Padgett & Moorer,* for plaintiff, submit: *Consignee not liable for freight charges between Charleston and Walterboro:* 10 Rich. L. 38; 44 S. C. L. 38. *Penalty recoverable:* 90 S. C. 475; 96 S. C. 383; 98 S. C. 63, 468. *Deviation in shipment:* 65 N. W. 627; 127 Ga. 378; 51 S. E. 401; 6 Cyc. 488; Hutch. Carriers (3d ed.), sec. 177.

*Messrs. Peurifoy Bros.* and *L. B. Honck,* for defendant, submit: *Cost of hauling goods should be allowed carrier:* 71 S. C. 337; 91 S. C. 552. *Penalty not recoverable:* 84 S. C. 343; *Ib.* 209; 84 S. C. 359; 82 S. C. 375. *Payment of overcharge was voluntary:* 90 S. C. 475; 2 Rich. 317; 15 Rich. 284; 30 Cyc. 1298; Hutch. Carriers, secs. 664, 678. *Terminal carrier not liable for mistake of connecting car-*

FOOTNOTE.—As to right to recover back of excessive payments to public service corporations, see note in 18 L. R. A. (N. S.) 124.

*rier:* 89 S. C. 415; 81 S. C. 383; 78 S. C. 42; 25 S. C. 249.
*Penalty statute strictly construed:* 28 S. C. 521; 67 S. C.
312; 71 S. C. 208.   *Right of action, if any, was for diver-
sion of goods to wrong destination, not for overcharge:* 82
S. C. 307; 79 S. C. 300; 82 S. C. 375; 89 S. C. 415.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action brought by the plaintiff against the
defendant in the magistrate's Court for the sum of $23.73
for an alleged overcharge of freight on a shipment of one
hearse and fixtures from Sterling, Ill., to Walterboro, S. C.,
and for penalty fixed by statute for failure to pay claim
within 40 days.   The magistrate gave judgment in favor
of plaintiff for full amount sued for.   Defendant appealed
to Circuit Court and the Circuit Judge, Memminger, sus-
tained the appeal, granted a new trial, and remanded the
case to the magistrate's Court on the ground that it was
error to exclude the testimony of witness, R. H. Wichman,
as to what it would have cost plaintiff to bring property by
private conveyance to Walterboro, S. C., from Charleston,
S. C., as the defendant would have been entitled to the
benefit of that cost in having judgment rendered against it
by the magistrate, and it was remanded, with instructions to
take testimony on this issue and determine the same, and to
deduct this amount from amount of plaintiff's claim for
overcharge in freight, and to render a judgment accord-
ingly, and not allowing the penalty after deducting costs.
From this order both plaintiff and defendant appeal.

The plaintiff by three exceptions alleges error on the part
of his Honor in remanding the case on the grounds he did
and for the purpose indicated, and in deciding, as he did,
what should be deducted from plaintiff's claim, and
in disallowing the penalty.   The evidence in the case
develops the facts that on November 9, 1912, the

Rock Falls Manufacturing Company at Sterling, Ill., delivered to Chicago, Burlington and Quincy Railroad a hearse and compotent parts consigned to Rock Falls Manufacturing Company at Charleston, S. C., with directions to notify A. Wichman & Son, Walterboro, S. C. The shipment came in a solid car, the marks on different packages were: "Rock Falls Mfg. Co., Charleston, S. C.; notify A. Wichman & Son, Walterboro, S. C." The bill of lading with draft attached made on the plaintiff by shipper was forwarded to National Bank at Walterboro, and the plaintiff paid the draft and received the bill of lading. Plaintiff had directed that the shipment be made to them at Charleston, S. C., and at no time directed the shipper or railroad to ship to Walterboro. Instead of the hearse being delivered to the plaintiff at Charleston, where they had directed it to be shipped and as the place designated in the bill of lading, it was brought to Walterboro by the defendant without direction or consent of the plaintiff. Defendant made demand on plaintiff for $86.13, freight charges on the shipment from Sterling, Ill., to Walterboro, S. C., which was $23.73 more than proper freight charges from Sterling, Ill., to Charleston, S. C., and refused to deliver the shipment to plaintiff until full charges demanded were paid. The plaintiff offered to pay freight charges from Sterling, Ill., to Charleston, but declined to pay charges from Charleston to Walterboro. The defendant refused this offer, and in order to get the property plaintiff paid the full amount demanded under protest, and filed his claim with the defendant for the excess claimed, $23.73. This claim was filed on the day the freight was paid under protest, and was not paid in 40 days. Before plaintiff paid freight charges under protest he told defendant they could reship the hearse back to Charleston, where he had ordered it shipped in the first instance, and he would receive it there. The evidence shows that the freight came into Charleston over the Southern road and was delivered by the Southern road to the defendant to be trans-

ported by the defendant over its road to Walterboro.   This
exception should be sustained; the defendant never was
rightfully in possession of the property.   The plaintiff and
shipper both had directed it to be shipped to Charleston, and
the shipper had consigned it to Charleston.   It arrived at
Charleston, its intended destination, over the Southern road
and the Southern railroad turned it over to the defendant
to be transported to Walterboro without authority or direc-
tion, either expressed or implied, from the shipper at Ster-
ling, Ill., or the plaintiff at Walterboro, and the possession
of defendant was tortious, and it follows that the plaintiff
should not be required to pay the freight charges other than
to Charleston, and not the excess charges from Charleston
to Walterboro.   This principle is established in *Savannah
Ry. Co.* v. *Talbot,* 123 Ga. 378, 51 S. E. 401, 3 Ann. Cas.
1092; *Fitch* v. *Newberry,* 1 Doug. (Mich.) 1, 40 Am. Dec.
33.   In 4 Ruling Case Law, sec. 322, we find:

"The universal and fundamental principle of the law of
personal property is that no man can be divested of his prop-
erty without his own consent, and that even an honest pur-
chaser under a defective title cannot hold against a true pro-
prietor.   A carrier, therefore, acquired no right by virtue
of his employment as such to hold goods delivered him by a
wrongdoer, to whom they do not belong, until his charges
are paid, against the claim of the owner, and so he has no
lien on them for the transportation charges, irrespective of
the question whether the carrier acted in good faith and
was not in fault.   Nor can this be said to be a harsh rule
as applied to common carriers, since the carrier has the right
to demand of the consignor the transportation charges in
advance.   Similarly it has been held that a carrier intrusted
with goods cannot, by transferring them, in disregard of its
instructions, to another carrier for transportation to the
designated point, confer on the latter a right to freight as
against the owner of the goods."

See, also, 6 Cyc. 488; Hutch. on Carriers (3d ed.), sec. 177. The defendant's exceptions, eight in number, allege error:

(1) That there was no testimony to support finding of magistrate. This is overruled. Both magistrate and Circuit Judge concurred in their findings of fact, and there is ample testimony to sustain their finding.

(2) Was the acceptance of the shipment at Walterboro and the payment of freight thereon a ratification of the act of defendant in transporting it there, although it was not the correct destination? We have found that the defendant was in wrongful possession of plaintiff's property, and in order to get possession of his property, so wrongfully detained and withheld from him, he paid an excessive freight charge, which was exacted from him by the defendant, and for which he was in no manner liable, and did not owe. He paid this, not voluntarily, but under protest.

(3) Can the defendant be held liable for the mistake of its connecting carrier? This is disposed of by what has been said in sustaining plaintiff's exceptions.

(4) Does section 2573, vol. I, Code 1912, apply to the facts of this case? It does; it is an overcharge on freight.

This disposes of all defendant's claim except the point is made that the filing of claim was made at Walterboro instead of Charleston. This is overruled, as this point was not made in the Court below.

All of defendant's exceptions are overruled and the plaintiff's exceptions sustained, and it is the judgment of this Court that the order of Judge Memminger be so modified as to make the judgment of the magistrate's Court the judgment of this Court.

Modified.